UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00140-HBB

SHEILA A. RAGER                                                                           PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Sheila A. Rager ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **REVERSED** and this case is **REMANDED,** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for a new hearing before an Administrative Law Judge other than the Administrative Law Judge who presided of Plaintiff's original hearing.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the

1

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered February 10, 2020 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

On January 20, 2015, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 14, 256-60, 261-65). Plaintiff alleged that he became disabled on October 8, 2013 as a result of psoriatic arthritis, osteoarthritis, degenerative disc disease, multiple disc bulges, bilateral facet hypertrophy, radiculopathy, fibromyalgia, and anxiety (Tr. 14, 313). Administrative Law Judge Jerry Faust ("ALJ") conducted a video hearing from St. Louis Missouri (Tr. 14, 41-44). Plaintiff and her counsel, Paul Neil Kerr, II, participated from Bowling Green, Kentucky (Id.). Barbara A. Holmes, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated June 21, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 14-30). The ALJ noted that Plaintiff last met the insured status requirements of the Social Security Act on March 13, 2017 (Tr. 16). At the first step, the ALJ found Plaintiff did not engaged in substantial gainful activity from her alleged onset date of October 8, 2013 through her date last insured of March 31, 2017 (Tr. 17). At the second step, the ALJ determined that that through the date last insured, Plaintiff had the following severe impairments: cervical degenerative disc disease status post spinal fusion; thoracic and lumbar degenerative disc disease; psoriatic arthritis; bilateral hip degenerative joint disease; neuropathy; obesity; generalized anxiety disorder; depressive disorder; and panic disorder (Tr. 17, Finding No. 3). The ALJ also determined that several other

impairments are "non-severe" within the meaning of the regulations (Tr. 17). Although the record contains notations of a diagnosis of fibromyalgia, the ALJ concluded it is not a medically determinable impairment because the documentation in record does not satisfy the criteria set forth in Social Security Ruling 12-2p (Tr. 17-18).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18, Finding No. 4). In reaching this conclusion, the ALJ specifically considered the criteria for Listings 1.02, 1.04, 12.04, and 12.06 (Tr. 18).

At the fourth step, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity (RFC) to perform a range of sedentary work because she could occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could frequently balance; could occasionally stoop, kneel, crouch and crawl; could have no more than occasional exposure to extreme cold, humidity, vibration, and hazards such as unprotected heights, dangerous unshielded machinery, open water and flames, and commercial driving; could perform simple, routine, repetitive tasks in a relatively static environment within frequent changes; and could have superficial (meaning no negotiation, no confrontation, no arbitration, no mediation, and no supervision of others and no persuasion of others) interaction with others (Tr. 21, Finding No. 5). Additionally, the ALJ relied on testimony from the vocational expert to find, through the date last insured, Plaintiff could not perform any of her past relevant work (Tr. 28, Finding No. 6).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 29-30). The ALJ found that Plaintiff is capable of performing a significant number of jobs

that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time from October 8, 2013, the alleged onset date, through March 31, 2017, the date last insured (Tr. 30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 243-55). The Appeals Council denied Plaintiff's request for review (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

 1) Is the claimant engaged in substantial gainful activity?

 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

>   3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
>   4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
>   5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

The Appointments Clause Challenge

   1. Arguments of the Parties

Plaintiff argues her case was adjudicated by an improper and unconstitutionally appointed Administrative Law Judge and should be remanded for a new hearing with a different and constitutionally appointed Administrative Law Judge (DN 17-2 PageID # 1908-11, citing Lucia v. S.E.C., __ U.S. __, 138 S.Ct. 2044, 2051 (2018)).  Plaintiff points out that the Agency has acknowledged its Administrative Law Judges as inferior officers that were not constitutionally appointed when, on July 16, 2018, Nancy Berryhill approved all appointments as her own (Id. citing Emergency Message EM-18003 REV 2).[1]  Plaintiff asserts that she can raise her Appointments Clause challenge before the Court despite failing to raise it before the Agency (Id. citing Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152-59 (3d Cir. 2020)).

Defendant argues that Plaintiff has forfeited her Appointments Clause claim because she never raised it before the Agency (DN 20 PageID # 1932-43).   However, Defendant

---

[1] Emergency Message EM-18003 REV 2, available at
https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM

acknowledges that only two Circuits have addressed the issue, and they reached opposite conclusions (Id. citing Carr v. Comm'r of Soc. Sec., __F.3d __, 2020 WL 3167896 (10th Cir. June 15, 2020) (claimant forfeits challenge because it was not raised before the Agency ); Cirko, 948 F.3d at 152-59 (claimant does not need to present challenge before the Agency)).  Defendant points out that numerous district courts in the Western District of Kentucky have rejected such Appointments Clause challenges where the plaintiff failed to raise the issue during the administrative proceedings (Id.).

   2. Discussion

Last week, the Sixth Circuit addressed the question whether six claimants must have raised their Appointments Clause challenges before the Administrative Law Judge in order to preserve their challenges for judicial review.  See Ramsey v. Comm'r of Soc. Sec., __ F.3d __, 2020 WL 5200979, at *2 (6th Cir. Sept. 1, 2020).  The Sixth Circuit noted the Third Circuit held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings. Id. (citing Cirko, 948 F.3d at 159).   The Sixth Circuit also noted that the Tenth and Eighth Circuits disagreed.  Ramsey, 2020 WL 5200979, at *2 (citing Carr, 961 F.3d 1267, and Davis v. Comm'r of Soc. Sec., 963 F.3d 790 (8th Cir. 2020)).

The Sixth Circuit found Cirko to be the best reasoned and most persuasive opinion and agreed with Cirko that exhaustion of Appointments Clause challenges in this particular administrative scheme is not required.  Ramsey, 2020 WL 5200979, at *2.  Thus, the Sixth Circuit held "that a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise that claim before the agency."  Id. at *7.  The Sixth Circuit vacated the judgments of the district courts and remanded the six cases to the Social Security

Administration for new hearings before Administrative Law Judges other than the Administrative Law Judges who presided over the claimants' original hearings.  Id. at *8.

Considering the Sixth Circuit's holding in Ramsey, this Court concludes that Plaintiff did not forfeit her Appointments Clause challenge in the Social Security proceeding by failing to raise her claim before the ALJ and Appeals Council.  Further, in light of this conclusion, it is not necessary to address Plaintiff's challenges to the ALJ's RFC determination.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED,** and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for a new hearing before an Administrative Law Judge other than the Administrative Law Judge who presided of Plaintiff's original hearing.

September 9, 2020

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:		Counsel