UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00140-HBB

SHELIA A. RAGER                                                                                    PLAINTIFF

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

Before the Court is Shelia A. Rager's ("Plaintiff") motion for attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DN 23). The Commissioner of Social Security, Andrew Saul, ("Commissioner") has filed a response (DN 28), to which Plaintiff has replied (DN 29).

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). This matter is ripe for determination. For the reasons set forth below, Plaintiff's motion for attorney fees under the EAJA (DN 23) is **DENIED**.

FACTS

On January 20, 2015, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 14, 256-60, 261-65). Plaintiff alleged that she became disabled on October 8, 2013 as a result of psoriatic arthritis, osteoarthritis, degenerative disc disease, multiple disc bulges,

bilateral facet hypertrophy, radiculopathy, fibromyalgia, and anxiety (Tr. 14, 313). Administrative Law Judge Jerry Faust ("ALJ") conducted a video hearing and later issued a decision dated June 21, 2018 (Tr. 14-30). At the conclusion of the decision, the ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the market and, therefore, was not under a "disability" (Tr. 29-30). Plaintiff filed a request for the Appeals Council to review the ALJ's decision, but the Council denied the request for review (Tr. 1-5, 243-55).

On October 4, 2019, Plaintiff filed a complaint (DN 1) seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). After both parties filed Fact and Law Summaries (DN 17, 20), the undersigned issued a memorandum opinion and order reversing the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) (DN 21 pp. 8). The basis for this remand was the Sixth Circuit's opinion in Ramsey v. Comm'r of Soc. Sec., 973 F.3d 537 (6th Cir. 2020), where the Sixth Circuit held "that a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise that claim before the agency." Id. at 547. By following the Third Circuit's rationale, the Sixth Circuit clarified their position among a circuit split.[1]

---

1 Prior to the Sixth Circuit's decision, three circuits disputed whether exhaustion of an Appointments Clause challenge is required in Social Security proceedings. Ramsey v. Comm'r of Soc. Sec., 973 F.3d 537, 540 (6th Cir. 2020). As the Sixth Circuit noted at the beginning of their opinion:

> Although we are presented with an issue not yet addressed in this circuit, three other circuits have recently considered this precise issue. In *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), the Third Circuit held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings. *Id.* at 159. Recently, the Tenth and Eighth Circuits disagreed with *Cirko* in *Carr v. Commissioner of Social Security*, 961 F.3d 1267 (10th Cir. 2020), and *Davis v. Commissioner of Social Security*, 963 F.3d 790 (8th Cir. 2020).

Id.

Turning to the present motion and response, Plaintiff argues that she is entitled to attorney fees, pursuant to the EAJA, because, among other factors, the Commissioner's position in his Fact and Law Summary was "not substantially justified" (DN 23 PageID 1958, 1975-76). The Commissioner disputes this categorization by claiming that his "position on forfeiture was substantially justified[,]" (DN 28 PageID 1992) (capitalizations omitted), and "the Commissioner was substantially justified in defending the ALJ's decision" (Id. at PageID 1996) (capitalizations omitted). While the Commissioner does acknowledge that the Sixth Circuit disagreed with his position when determining Ramsey, the Commissioner asserts that his foundation in following the Eighth and Tenth Circuits, especially on "an issue of unsettled law[,]" highlights a substantially justified position (Id. at PageID 1993-94).

## DISCUSSION

The Equal Access to Justice Act ("EAJA"), allows the award of attorney fees and other expenses against the government provided that:

> (1)   The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2)   An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;
>
> (3)   The position of the government is not substantially justified;
>
> (4)   The party seeking such fees is an individual whose net worth did not exceed $2,000,000.00 at the time the civil action was filed; and
>
> (5)   No special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1), (2). The absence of any one of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1), (2).

The only issue in dispute is whether the Commissioner's position was "substantially justified." The Commissioner's decision is substantially justified if it is "justified to the degree that it could satisfy a reasonable person." Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991) (citing Perket v. Sec'y of Health & Human Servs., 905 F.2d 129, 132 (6th Cir. 1990)). The fact that a Court finds the decision of the Commissioner not supported by substantial evidence is not the equivalent to finding that the position of the Commissioner was not substantially justified. Couch v. Sec'y of Health & Human Servs., 749 F.2d 359, 360 (6th Cir. 1984).

The EAJA does not specifically define "substantial justification," rather, it states merely that the determination shall be made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based)..." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has adopted a reasonableness standard for determining if "substantial justification" exists. See Pierce v. Underwood, 487 U.S. 552, 563-568 (1988). The proper standard is whether the Commissioner's decision is "justified in substance or in the main", that is, justified to a degree that could satisfy a reasonable person. Pierce, 487 U.S. at 565; Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991) (citing Perket, 905 F.2d at 132). The Commissioner's decision is not "substantially justified" when he fails to apply the correct legal standard to a case. See Smith v. Heckler, 603 F.Supp. 655, 657 (W.D. Ky. 1984) (The Secretary disregarded Sixth Circuit precedent concerning the assignment of weight to treating physicians); Howard v. Heckler, 581 F.Supp. 1231, 1233 (S.D. Ohio 1984) (The ALJ failed to follow Sixth Circuit precedent indicating that pain of physical and psychological origins may establish a disability).

Plaintiff simply argues that "the Government's position in litigation was 'not substantially justified'" (DN 23 PageID 1958, 1975-76). Instead, Plaintiff claims she "need only 'to allege' that the position of the government is not substantially justified" (DN 23-8 PageID 1976) (citing Scarborough v. Principi, 541 U.S. 401 (2004)). In her reply, Plaintiff posits that the Appointments Clause argument was not an area of unsettled law by arguing that "*Sims v. Apfel*, 530 U.S. 103 (2000), has been the law since 2000" (DN 29 PageID 2005).

The Eastern District of Michigan has directly addressed a claim such as this by stating:

> Citing *Sims v. Apfel*, 530 U.S. 103 (2000), Plaintiff contends that she was under no obligation to raise issues to the Administration Appeals Council in order to preserve them for judicial review. She is correct that *Sims* held as much, *i.e.*, "a claimant pursuing judicial review has [not] waived any issues that he did not include in [his or her] request" for review by the Appeals Council. *Sims*, 530 U.S. at 105. **But many, if not all, post-*Lucia* decisions have rejected the argument that *Sims* or some other rationale absolves the claimant's failure to raise the Appointments Clause at the agency level in the Administration.** *See, e.g.*, *Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn., 2018) ("Because Plaintiff did not raise her as applied constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge."); *Stearns v. Berryhill*, No. C17-2031, 2018 WL 4380984, at *5-6 (N.D. Iowa 2018) (noting, in a Social Security case, that because the claimant failed to raise the issue before the ALJ's decision became final, she forfeited it); *Trejo v. Berryhill*, No. 17-0897, 2018 WL 3602380, at *3 n. 3 (C.D. Cal. 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during her administrative proceedings."); *Karl K. v. Comm'r of Soc. Sec.*, No. 17-CV-0304, 2018 WL 4339381, at *2 n. 2 (E.D. Wash. 2018) (same). *Sims* has been found inapposite because it did not "address[ ] whether the issue had to be raised before the ALJ," as opposed to raised before the Council. *Stearns*, 2018 WL 4380984, at *5. This reasoning is persuasive.

Gothard v. Comm'r of Soc. Sec., Case No. 1:17-cv-13638, 2018 WL 7254254, at *15 (E.D. Mich. Oct. 10, 2018) (emphasis added), *adopted by* 2018 WL 396785 (E.D. Mich. Jan. 31, 2019). The district court, when adopting the magistrate judge's report and recommendation, noted that "nearly every court to address the issue in the context of the Social Security Administration [] has summarily denied the claim without analysis, citing a claimant's forfeiture by failing to first raise the claim before the ALJ. *See, e.g., Garrison v. Berryhill*, 1:17-CV-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-CV-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Holcomb v. Berryhill*, No. 17-1341, 2018 WL 3201869, at *3 n.3 (C.D. Cal. June 21, 2018)." Gothard, 2018 WL 396785, at *3 n.4.

When turning to the Commissioner's argument in his Fact and Law Summary, the Commissioner argued that "at no point in the administrative process—whether in her initial application for benefits, on reconsideration, in her hearing before the ALJ, or before the Appeals Council—did Plaintiff ever present the argument that [Social Security Administration]'s [Administrative Law Judges] are inferior officers under the Appointments Clause" (DN 20 PageID 1932). The Commissioner went on to cite two different Supreme Court cases that bolstered the claim that failure to assert the Appointments Clause argument in a lower court results in procedural default (Id.). See United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952); Elgin v. Dep't of Treasury, 567 U.S. 1 (2012). Further, the Commissioner argued that "[a] constitutional challenge under the Appointments Clause is 'nonjurisdictional,' and thus a party may forfeit its Appointment Clause by failing to raise it" (DN 20 PageID 1933). As for the Eighth and Tenth Circuit cases, the Commissioner specifically cited to Carr v. Comm'r, SSA, 961 F.3d 1267 (10th Cir. 2020) (Id. at PageID 1934). While Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3rd Cir. 2020), was not a useful case for the Commissioner, he still attempted to bolster the cases supporting

his claim and showing the lack of support surrounding Cirko (Id. at PageID 1940).  Specifically, the Commissioner stated, "Indeed, in the wake of *Lucia*, 57 out of 61 district courts outside of the Third Circuit have rejected Appointments Clause challenges to SSA ALJs where the plaintiff failed to raise the issue during the administrative proceedings, although there is a split of authority in 8 of those districts" (Id.).

The Commissioner filed this Fact and Law Summary on June 30, 2020 (DN 20).  The Sixth Circuit's decision in Ramsey was not filed until September 1, 2020.  Ramsey v. Comm'r of Soc. Sec., 973 F.3d 537 (6th Cir. 2020).  The undersigned's memorandum opinion and order was not filed until September 9, 2020 (DN 21).  If the undersigned had issued the memorandum opinion even two weeks earlier, the undersigned would have been obligated to make a determination as to which path should be taken in the circuit split, without the guidance of the Sixth Circuit.

Therefore, when reviewing the Commissioner's arguments in his Fact and Law Summary, especially considering the caselaw previously cited, the undersigned concludes that the Commissioner's position was substantially justified.

Plaintiff's secondary arguments are that the ALJ erred by failing to "follow the treating physician rule [and then] used that opinion to reject the treating physician's opinion [was] a violation of long-standing case law[,]" and "[t]he ALJ [] further erred by failing to explain why the evidence was inconsistent with the opinion […] and he played doctor by independently interpreting diagnostic testing" (DN 29 PageID 2006) (citations omitted).  Plaintiff then goes on to argue that "Defendant does not explain how he is substantially justified in light of these precedents" (Id.).  However, the undersigned expressly stated that "it [was] not necessary to address Plaintiff's [remaining] challenges" to the ALJ's determination, given that sentence four remand was necessary (DN 21 pp. 8).  As such, the undersigned never determined whether the

7

ALJ had erred in their analysis, whether the ALJ had comported with applicable law, and whether the ALJ's determination was supported by substantial evidence.  This means that Plaintiff's claims are mere allegations of error, to which the Commissioner responded by citing applicable case law (DN 20 PageID 1921-31).  Thus, Plaintiff's argument is unpersuasive, as these claims were never adjudicated.

## Conclusion

Therefore, the Commissioner position regarding the Appointments Clause challenge was substantially justified, as the Sixth Circuit's opinion in <u>Ramsey</u> was not published until two months after the Commissioner filed his Fact and Law Summary.  As for the other alleged errs, the Commissioner's position was substantially justified, considering the claims of error were never adjudicated.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (DN 23), is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

February 2, 2021

Copies:      Counsel of Record